UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERT BOSCH GmbH and ROBERT
BOSCH (FRANCE) S.A.S.,

                       Petitioners,

                                                                   14 cv 9432 (PKC)

                                                     MEMORANDUM AND ORDER
                                                       ON SEALED SUBMISSIONS

          -against-


HONEWELL INTERNATIONAL INC.,

                       Respondent.
-----------------------------------------------------------x

CASTEL, District Judge:

        This is a petition to confirm an arbitration award. Prior to the issuance of the award, the parties entered into an agreement imposing confidentiality on all submissions relating to the arbitration, including a requirement that the parties make application to seal all submissions on any petition to confirm an arbitration award. The petition to confirm was filed on the public record and is not presently under seal. Respondent seeks "to seal the entire record in this proceeding, except for the Court's opinions and orders."

        A presumption of public access attaches to judicial documents. United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)( "Amodeo I ") and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006). "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." Amodeo I, 44 F.3d at 145. "[T]he item

filed must be relevant to the performance of the judicial function and useful in the judicial process." Id.

Arbitration proceedings are premised upon the parties' private agreement and, in the absence of some governing principle of law (e.g. regulatory requirements), parties are permitted to keep their private affairs from the prying eyes of others.  The circumstance changes when a party seeks to enforce the fruits of their private agreement to arbitrate, i.e. the arbitration award, in federal court.  Global Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co., 2008 WL 126976 (S.D.N.Y. Jan. 7, 2008).  A party to an arbitration proceeding that is subject to confirmation proceedings in a federal court cannot have a legitimate expectation of privacy in all papers pertaining to the arbitration because the party should know of the presumption of public access to judicial proceedings.   There is a "liberal federal policy favoring arbitration agreements. . . ." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (quoting  Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).)  But it is also true that "the common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch, 435 F.3d at 119 (citing  Amodeo I, 44 F.3d at 145.)

The petition to confirm the award and the answer to the petition are judicial documents because they will guide and inform this Court's ruling on whether or not to grant the petition.  For example, in this Circuit, a petition to confirm an arbitration award generally may not be granted on default. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006)("default judgments in confirmation/vacatur proceedings are generally inappropriate.") Instead, the district court must consider the merits of the petition on the basis of the record that includes the arbitration award. Id. "A motion to confirm or vacate an award is generally

accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference. When a court has before it such a record, rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record." Id.   Thus, even in the absence of an appearance by a respondent, the district court is required to consider the underlying agreement to arbitrate and the arbitration award in determining whether it should be confirmed.

Having concluded that the agreement, the award, the petition and the response to the petition are judicial documents, the Court must next "'balance competing considerations against [the presumption of access].'. . . Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure'." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 120 (citations omitted).

Here, the dispute arises under an asset purchase agreement ("APA") and principally relates to whether certain payments made to the French government for a specific type of worker's benefit were covered by a contractual indemnity in the APA.  The public interest in whether the petitioners or the respondent bear these costs is relatively low. Moreover, the arbitration award is one principally for money damages and not injunctive relief. Thus, this is not a case where the public will not know why a party's public conduct is controlled by a Court's injunction.  But, beyond conclusory assertions, the respondent fails to make the case for why the petition, the APA, the arbitration award and the response to the petition should be shielded from the public eye.  No affidavit supports respondent's application

-4-

and its only two exhibits are the response to the petition (which is a barebones pleading) and the parties' confidentiality agreement.

The application to seal the petition, as well as all submissions in support or opposition to the petition, is DENIED WITHOUT PREJUDICE. Either party may make a more tailored application to redact certain specific material, provided it is supported by an affidavit or declaration from a knowledgeable witness explaining the nature of the privacy interest, the harm from disclosure and any prior disclosures of the material to third parties, e.g. regulatory authorities. The application should be accompanied by redacted and unredacted copies of the material.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 6, 2015